BESSIE DOODY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doody v. Commissioner
Docket No. 5911-71.
United States Tax Court
T.C. Memo 1973-126; 1973 Tax Ct. Memo LEXIS 161; 32 T.C.M. (CCH) 547; T.C.M. (RIA) 73126; June 12, 1973, Filed Bessie Doody, pro se. Russell F. Kurdys, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The Commissioner has determined a deficiency in income tax to be due from the petitioner for the taxable year 1969, in the amount of $1,042.18. 2 The sole issue for our determination is whether the petitioner is entitled to a deduction in the amount of $3,505.20 for medical expenses as claimed in her income tax return for 1969. Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Bessie Doody is an individual whose residence *162 at the time the petition was filed herein was in Brooklyn, New York. Her 1969 Federal income tax return was duly filed with the district director of internal revenue at Brooklyn, New York. During 1969, Miss Doody was a retired New York City schoolteacher over 65 years of age. The petitioner admits that she incurred no expenses during the year 1969 either for professional medical services or for treatment in any hospital, nor did she expend any amount for medical insurance. Her contention is that in order to be entitled to a deduction for insurance premiums for medical care she should not be required to expend amounts for such insurance, but rather that she is 3 entitled to act as a self-insurer. Similarly she argues that she should not be required to seek treatment from either doctors or hospitals, but may instead deduct the value of self-treatment. Petitioner strongly urges that the Internal Revenue Service has no right to force an individual to seek treatment from medical practitioners as opposed to caring for oneself. While this Court finds petitioner's self-reliance highly commendable, we are constrained to hold that she is not entitled to the deduction claimed. *163 It has long been the rule that deductions are a matter of legislative grace, not a matter of right. Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943). With reference to amounts incurred for medical care, Congress has spoken through the enactment of section 213, [1] and that section expressly refers to 4 "expenses paid during the taxable year * * * for medical care" as defined in subsection (e). Further, section 1.213-1(a) (1), Income Tax Regs., provides, with an exception not material here, that "a deduction [for medical expenses] is allowable only to individuals and only with respect to medical expenses actually paid during the taxable year * * *." We know of no authority which would permit the deduction of amounts of the type here claimed and without such authority, neither the Internal Revenue Service nor this Court is empowered to permit such a deduction.Accordingly, *164 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Section 213 provides, in pertinent part: SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise - (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents. * * * (e) Definitions. - For purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or (C) for insurance (including amounts paid as premiums under part B of title XVIII of the Social Security Act, relating to supplementary medical insurance for the aged) covering medical care referred to in subparagraphs (A) and (B). ↩